IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>        Plaintiff,<br><br>    v.<br><br>MonierLifetile LLC,<br><br>        Defendant. | 2:05-cv-01307-GEB-GGH<br><br>STATUS (PRETRIAL SCHEDULING) ORDER[*] |

       The following Status (Pretrial Scheduling) Order issues, with the understanding that it could be amended if a party proposes an amendment no later than October 21, 2005, which is adopted in whole or in part.

SERVICE OF PROCESS

       The named defendant has been served and no further service is permitted, except with leave of Court, good cause having been shown.

AMENDMENTS

       (a)  Plaintiff has 120 days from the date on which this Order is filed to file a motion under Rule 15 seeking leave to amend

---

[*] All references to a "Rule," herein, are to a Federal Rule of Civil Procedure unless otherwise indicated.

1

1 | its Complaint by joining as defendants individual owners, operators,
2 | and/or managers of the facility and/or by adding further NPDES permit
3 | violations.  The motion must be noticed for hearing on the undersigned
4 | judge's first available regular law and motion hearing date.  No
5 | further amendments to pleadings are permitted except with leave of
6 | Court, good cause having been shown.

7 |      (b)  If Plaintiff is granted leave to join a party as
8 | prescribed above, Plaintiff shall serve the newly-joined party with a
9 | copy of this Order concurrent with the service of process.  Any newly-
10 | joined party may, within forty days after being served, file a "Notice
11 | of Proposed Modification of Status Order" in which any proposed
12 | modification is specified.  If feasible, the proposal should be
13 | discussed with the other parties before it is proposed and the other
14 | parties' positions should be stated.  A newly-joined party's Proposed
15 | Modification, filed within this forty day period, does not have to
16 | meet the good cause standard.  A hearing on the Proposed Modification
17 | will be scheduled, if necessary.

DISCOVERY COMPLETION DATES[1]

19 |      (a)  All liability phase discovery, except that pertaining
20 | to expert witnesses, shall be completed by July 14, 2006.  Each party
21 | shall comply with Rule 26(a)(2)'s initial expert witness disclosure
22 | and report requirements on or before August 14, 2006, and with the
23 | rebuttal expert disclosures authorized under the Rule on or before

---

[1] In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken, any disputes relative to discovery have been resolved by appropriate order if necessary, and all discovery orders have been complied with.  The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case.

1  September 15, 2006.  All liability phase discovery pertaining to
2  expert witnesses shall be completed by December 15, 2006.
3        (b)  If a remedy phase is required, all discovery, except
4  that pertaining to expert witnesses, shall be completed by February
5  15, 2008.  Each party shall comply with Rule 26(a)(2)'s initial expert
6  witness disclosure and report requirements on or before April 1, 2008,
7  and with the rebuttal expert disclosures authorized under the Rule on
8  or before May 1, 2008.  All discovery pertaining to expert witnesses
9  shall be completed by July 1, 2008.

MOTION HEARING SCHEDULE

11        The last hearing date for motions in the liability phase is
12 March 19, 2007, at 9:00 a.m.  If a remedy phase is required, the last
13 hearing date for motions is August 11, 2008.[2]
14        Motions shall be filed in accordance with Local Rule 78-
15 230(b).  Opposition papers shall be filed in accordance with Local
16 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
17 consent to the motion and the Court may dispose of the motion
18 summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
19 Further, failure to timely oppose a summary judgment motion may result
20 in the granting of that motion if the movant shifts the burden to the
21 nonmovant to demonstrate a genuine issue of material fact remains for
22 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).
23        Absent highly unusual circumstances, reconsideration of a
24 motion is appropriate only where:

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e).

1    (1) The Court is presented with newly discovered evidence
2 that could not reasonably have been discovered prior to the filing of
3 the party's motion or opposition papers;
4    (2) The Court committed clear error or the initial decision
5 was manifestly unjust; or
6    (3) There is an intervening change in controlling law.
7 A motion for reconsideration based on newly discovered evidence shall
8 set forth, in detail, the reason why said evidence could not
9 reasonably have been discovered prior to the filing of the party's
10 motion or opposition papers.  Motions for reconsideration shall comply
11 with Local Rule 78-230(k) in all other respects.
12    The parties are cautioned that an untimely motion
13 characterized as a motion in limine may be summarily denied.  A motion
14 in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

16    The liability phase final pretrial conference is set for
17 June 18, 2007, at 1:30 p.m.  The remedy phase final pretrial
18 conference is set for October 14, 2008, at 1:30 p.m.  The parties are
19 cautioned that the lead attorney who WILL TRY THE CASE for each party
20 shall attend the final pretrial conference.  In addition, all persons
21 representing themselves and appearing *in propria persona* must attend
22 the pretrial conference.
23    The parties are warned that <u>non-trialworthy issues could be
24 eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
25 material facts are in dispute and that the undisputed facts entitle
26 one of the parties to judgment as a matter of law."  <u>Portsmouth Square
27 v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).
28

4

1 The parties shall file a <u>JOINT</u> pretrial statement with the
2 Court not later than seven (7) days prior to the final pretrial
3 conference.³  The joint pretrial statement shall specify the issues
4 for trial.  The Court uses the parties' joint pretrial statement to
5 prepare its final pretrial order and could issue the final pretrial
6 order without holding the scheduled final pretrial conference.  <u>See</u>
7 <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
8 requirement that the court hold a pretrial conference.").  The final
9 pretrial order supersedes the pleadings and controls the facts and
10 issues which may be presented at trial.  Issues asserted in pleadings
11 which are not preserved for trial in the final pretrial order cannot
12 be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
13 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
14 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
15 <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
16 issue omitted from the pretrial order is waived, even if it appeared
17 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
18 (D.D.C. 1995) (refusing to modify the pretrial order to allow
19 assertion of a previously-pled statute of limitations defense);
20 <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
21 (indicating that "[a]ny factual contention, legal contention, any
22 claim for relief or defense in whole or in part, or affirmative matter
23 not set forth in [the pretrial statement] shall be deemed . . .

---

³ The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

5

withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.</u>

<u>SETTLEMENT CONFERENCE</u>

No settlement conference is currently scheduled. The parties shall address in their joint pretrial statement whether they wish to have a judge-assisted settlement conference. If counsel wish the Magistrate Judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting as the discovery judge must be filed prior to the scheduling of the settlement conference. <u>See</u> L. R. 16-270(b). If the parties wish to participate in Court-assisted settlement prior to the final pretrial conference, they should contact the Deputy Clerk.

<u>TRIAL SETTING</u>

Trial in the liability phase is set for September 25, 2007, commencing at 9:00 a.m. If a remedy phase is required, trial will commence January 13, 2009, at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Rule 16(b), the Status (Pretrial Scheduling) Order shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned

///
///
///
///
///

1  that a mere stipulation by itself to change dates does not constitute
2  good cause.
3           IT IS SO ORDERED.
4  DATED:  October 5, 2005
5                                          /s/ Garland E. Burrell, Jr.
                                            GARLAND E. BURRELL, JR.
6                                           United States District Judge